United States District Court
Southern District of Texas
**ENTERED**
February 20, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY WELCH, | § | |
| Plaintiff, | § § § | |
| V. | § | CIVIL ACTION NO. H-19-0075 |
| DIANNA WESLEY, TEXAS ATTORNEY GENERAL, and THE DISTRICT OF COLUMBIA, | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND RECOMMENDATION AND ORDER

The following pending motions in this case have been referred by the District Judge to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B): Defendant District of Columbia's Motion to Dismiss Plaintiff's Complaint (Document No. 5); Defendant District of Columbia's Motion to Stay the Rule 26(f) Conference, the Initial Pretrial and Scheduling Conference and Discovery (Document No. 10); Plaintiff's Motion to Compel Responses to Written Interrogatories and Requests for Production of Documents (Document No. 17), and Plaintiff's Motion to Reschedule Initial Scheduling Conference (Document No. 18). Having first considered Defendant District of Columbia's Motion to Dismiss, Plaintiff's response, the additional briefing, the claims and allegations in Plaintiff's Original Complaint, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendant District of Columbia's Motion to Dismiss (Document No. 5) be GRANTED. Based on that recommendation, it is further ORDERED that Defendant District of Columbia's Motion to Stay the Rule 26(f) Conference, the Initial Pretrial and Scheduling Conference and Discovery (Document No. 10) is GRANTED,

Plaintiff's Motion to Compel Responses to Written Interrogatories and Requests for Production of Documents (Document No. 17) is DENIED, and Plaintiff's Motion to Reschedule Initial Scheduling Conference (Document No. 18) is DENIED as MOOT.

This case, filed by Plaintiff Anthony Welch *pro se* as a "Complaint for Declaratory Judgment, Application for Temporary Restraining Order and Injunctive Relief," is based on Welch's allegations that Defendants have "placed a wrongful levy on Plaintiff's bank accounts." (Document No. 1 at 3). According to Welch, in contravention of a modified child support order from March 2018, entered in the 387th District Court of Fort Bend County, Texas, which allowed Plaintiff to make monthly payments towards a large arrearage, his bank accounts have been wrongfully levied to satisfy the arrearage. Such a wrongful levy, Welch maintains, violates his right to equal protection under the Fourteenth Amendment, and is redressable under 42 U.S.C. § 1983.

Defendant District of Columbia, in its Motion to Dismiss, argues that dismissal of Plaintiff's claim(s) is warranted on three bases: (1) for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine; (2) for lack of personal jurisdiction over Defendant District of Columbia; and (3) for failure to state a claim. Issues of both subject matter jurisdiction and personal jurisdiction must be considered first, prior to any consideration of the merits of a claim. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)").

Here, Defendant District of Columbia's subject matter jurisdiction argument is premised on the *Rooker-Feldman* doctrine, which provides that federal district courts have "no authority to review final judgments of a state court in judicial proceedings." *District of Columbia Court of*

2

*Appeals v. Feldman*, 460 U.S. 462, 482 (1983). In a case similar to this one, where a *pro se* plaintiff "asserted claims that collaterally attack[ed] [a] state court divorce decree and judgments concerning paternity and child support, as well as claims that assert[ed] constitutional violations relating to the enforcement of the state child support judgments," the Fifth Circuit made a distinction between claims that were barred under the *Rooker-Feldman* doctrine, and those that were not. *Blessett v. Texas Office of the Attorney General Galveston County Child Support Enforcement Division*, 756 F.App'x 445 (5th Cir. 2019). In particular, the plaintiff's claims that collaterally attacked the state divorce decree and child support payments *were* barred by *Rooker-Feldman* because they "invit[ed] district court review and rejection" of the state divorce decree and child support judgments." *Id.* at 446. In contrast, the plaintiff's claims "that the defendant and its 'contractors' engaged in fraud and violated his constitutional rights in their effort to enforce and collect the state child support judgments" were not barred by *Rooker-Feldman* because such claims did "not ask the district court to review and reject a final order of a state court." *Id.* Because the claims at issue in this case – couched in alleged violations of Welch's constitutional rights attendant to the enforcement and collection of a child support order – are akin to the claims in *Blessett* the Fifth Circuit found were not barred by *Rooker Feldman*, Defendant District of Columbia's subject matter jurisdiction argument fails.

As for Defendant District of Columbia's personal jurisdiction argument, both the record and the case law support the conclusion that the Court does not have personal jurisdiction over the District of Columbia.

A plaintiff asserting a cause of action against a non-resident defendant bears the burden of presenting a *prima facie* case of personal jurisdiction. *Monkton.* 768 F.3d at 431; *Bullion v. Gillespie,*

3

895 F.2d 213, 216-17 (5th Cir. 1990). A plaintiff may present a *prima facie* case by referring to uncontroverted allegations in the pleadings and/or and producing admissible evidence which, if believed, would suffice to establish the existence of personal jurisdiction. *WNS, Inc. v. Farrow*, 884 F.2d 200, 204 (5th Cir. 1989). Any uncontroverted allegations in the plaintiff's pleading are to be taken as true, and any conflicts between the facts contained in the parties' affidavits must be construed in the plaintiff's favor. *Monkton*, 768 F.3d at 431 (citing *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002).

A federal court may exercise jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) the exercise of such jurisdiction comports with due process under the United States Constitution. *See Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993). Because the Texas long-arm statute has been interpreted to extend as far as due process permits, the sole inquiry is whether the exercise of personal jurisdiction over a nonresident defendant comports with federal constitutional due process requirements. *Id.*

Due process requirements for exercising personal jurisdiction over a nonresident have been defined by the United States Supreme Court in a familiar body of case law, and have been more recently explained and applied by the Fifth Circuit in *Monkton Insurance Services v. Ritter*, 768 F.3d 429 (5th Cir. 2014). The due process inquiry focuses upon whether the nonresident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 66 S. Ct. 154, 158 (1945). A minimum contacts analysis involves more than counting the nonresident's contacts with the forum. *See Stuart v. Spademan*, 772 F.2d 1185, 1189-90 (5th Cir. 1985). Rather,

4

the Court "must determine whether the nonresident has purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987) (citation omitted).

In *Stroman Realty, Inc. v. Wercinski*, 513 F.3d 476 (5th Cir. 2008), the Fifth Circuit considered whether there was personal jurisdiction over an out-of-state regulatory agency. At issue in *Stroman* was whether a Texas court had personal jurisdiction over the Commissioner of the Arizona Department of Real Estate. Finding that personal jurisdiction did not exist even if Texas' long-arm statute reached the Arizona Commissioner, the Fifth Circuit focused on, and concluded, that "it would be unreasonable to subject the Commissioner to suit in the Southern District of Texas." *Stroman*, 513 F.3d at 488.

*Stroman* has recently been applied in the child support context in *Sullivan v. Office of the Texas Attorney General*, No. EP-18-CV-303-PRM, 2019 WL 1598222 (W.D. Tex. Apr. 15, 2019). In that case, a plaintiff challenged child support collection activities undertaken by both the Texas Attorney General and the Arizona Department of Economic Security. Citing to and relying on *Stroman*, the District Court in *Sullivan* concluded that it did not have personal jurisdiction over the Arizona Department of Economic Security. That same conclusion should be reached here. There are no facts or allegations that would support the exercise of personal jurisdiction over the District of Columbia in this case, in which the actions complained of by Welch were undertaken by the District of Columbia, Office of the Attorney General for the District of Columbia, Child Support Services Division, for the benefit of Dianna Wesley, to whom the child support payments are owed, and who resides in the District of Columbia. *See* Document No. 7 at 16-19. Nowhere are there allegations that the District of Columbia has any contact with this state, or that its actions have done

anything more than affect a Texas resident. For that reason, and as dictated by the decisions in *Stroman* and *Sullivan*, the District of Columbia's Motion to Dismiss for lack of personal jurisdiction should be granted.

Based on the foregoing and the conclusion that the Court does not have personal jurisdiction over Defendant District of Columbia, the Magistrate Judge

RECOMMENDS that Defendant District of Columbia's Motion to Dismiss (Document No. 5) be GRANTED and Plaintiff's claims against it be DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction. Given this recommendation, it is

ORDERED that Defendant District of Columbia's Motion to Stay (Document No. 10) is GRANTED, and the Rule 26(f) Conference, the Initial Pretrial and Scheduling Conference and Discovery are all stayed until such time as the Motion to Dismiss is resolved. Plaintiff's Motion to Compel (Document No. 17) is, as a consequence, DENIED, and Plaintiff's Motion to Reschedule Initial Scheduling Conference (Document No. 18) is DENIED as MOOT.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)©, FED. R. CIV. P. 72(b) to the Recommendation made herein as to Defendant's Motion to Dismiss. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996).

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this  19th  day of February, 2020.

                                          FRANCES H. STACY
                                          UNITED STATES MAGISTRATE JUDGE